J-S05004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v. :
:
:
:
ANGEL ULICES MOLINA :
:
Appellant : No. 19 WDA 2017

Appeal from the PCRA Order December 16, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005565-2006

BEFORE: OLSON, J., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.: **FILED APRIL 20, 2018**

Appellant, Angel Ulices Molina, appeals from the December 16, 2016 order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The factual background of this case is as follows. In late-March 2006, Appellant became angry because his 21-month-old son ("Victim") would not walk and struck Victim in the abdomen several times. These strikes caused the laceration of Victim's intestines by his spine. On April 1, 2006, Victim died as a result of the internal bleeding caused by these lacerations.

_____
* Retired Senior Judge assigned to the Superior Court.

The procedural history of this case is as follows. On October 15, 2007, Appellant pled guilty to third-degree murder[1] and endangering the welfare of a child.[2] On February 12, 2008, the trial court sentenced Appellant to an aggregate term of 20 to 40 years' imprisonment. Appellant did not file a direct appeal.

On July 11, 2008, Appellant filed a *pro se* PCRA petition. Counsel was appointed and subsequently filed a motion to withdraw as counsel together with a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On September 19, 2011, the PCRA court granted counsel's motion to withdraw and dismissed Appellant's PCRA petition. Appellant appealed that dismissal to this Court. This Court vacated the dismissal order and remanded for an evidentiary hearing to determine whether Appellant's plea counsel failed to properly consult with Appellant regarding filing a direct appeal or whether plea counsel failed to file a direct appeal despite Appellant's request to do so. **Commonwealth v. Molina**, 83 A.3d 1060, 2013 WL 11255538 (Pa. Super. 2013) (unpublished memorandum).

On remand, the PCRA court granted Appellant's PCRA petition and reinstated his direct appeal rights *nunc pro tunc*. Thereafter, this Court

_____

[1] 18 Pa.C.S.A. § 2502(c).

[2] 18 Pa.C.S.A. § 4304(a).

affirmed Appellant's judgment of sentence. ***Commonwealth v. Molina***, 121 A.3d 1141, 2015 WL 6164878 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 131 A.3d 491 (Pa. 2016).

On March 9, 2016, Appellant filed the instant *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On November 21, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. On December 16, 2016, the PCRA court dismissed the petition. This timely appeal followed.[3]

Appellant presents one issue for our review:

[Did the PCRA court err in dismissing Appellant's PCRA petition without an evidentiary hearing to determine if plea counsel was ineffective in her advice regarding the sentence Appellant would receive if he pled guilty?]

Appellant's Brief at 3.

"We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error." ***Commonwealth v. McGarry***, 172 A.3d 60, 65 (Pa. Super. 2017) (citation omitted). Appellant's lone issue challenges the effectiveness of his plea counsel.

---

[3] Appellant filed a concise statement of errors complained of on appeal ("concise statement") contemporaneously with his notice of appeal. ***See*** Pa.R.A.P. 1925(b). On November 7, 2017, the PCRA court issued its Rule 1925(a) opinion. Appellant's lone issue was included in his concise statement.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citation omitted).

"Counsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his [or her] client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Commonwealth v. Grove*, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim." *Commonwealth v. Smith*, 167 A.3d 782, 787-788 (Pa. Super. 2017) (citation omitted).

Appellant contends that his plea counsel advised him that he would be sentenced to 7 to 14 years' imprisonment if he pled guilty. Appellant contends that this advice led him to plead guilty. We agree with the PCRA court that the record reflects that counsel did not advise Appellant that he would be sentenced to 7 to 14 years' imprisonment if he pled guilty.

The prosecutor, in response to the trial court's question at the guilty plea hearing, stated that there was no agreement with respect to the sentence Appellant would receive for pleading guilty to third-degree murder. N.T., 10/15/17, at 3. The trial court immediately responded to the prosecutor's comments by noting that the maximum sentence Appellant could receive was 20 to 40 years' imprisonment. *Id.* A few minutes later, the trial court directly addressed Appellant and informed him that the maximum penalty he could receive for the third-degree murder conviction was 20 to 40 years' imprisonment. *Id.* at 4.

This was consistent with the statements Appellant agreed to in his written guilty plea colloquy. Specifically, Appellant acknowledged that his plea counsel informed him of the maximum possible penalty for third-degree murder and that the trial court could impose any sentence, up to and including that maximum, it deemed appropriate. *See* Written Guilty Plea Colloquy, 10/15/17, at 7.

Plea counsel's statements also indicate that she did not advise Appellant that he would receive 7 to 14 years' imprisonment. Attached to

Appellant's amended PCRA petition was a certification from PCRA counsel. In that certification, PCRA counsel averred that plea counsel "has no recollection of telling [Appellant] that he would likely get a sentence of 7-14 years[.]" Amended PCRA Petition, 8/17/16, at Exhibit 1. The certification also indicates that plea counsel "doesn't believe that she would have told [Appellant] that he would likely get a 7-14 year sentence." *Id.* Thus, the only thing that supports Appellant's argument is his own bald assertion that plea counsel told him he would receive 7 to 14 years' imprisonment for third-degree murder. The record does not establish that there is a genuine issue of fact regarding whether plea counsel provided that advice.

Appellant also tangentially argues that counsel was ineffective for failing to secure a Spanish interpreter to assist in communicating with Appellant. The record reflects, however, that Appellant was notified that a Spanish interpreter was available if he believed that an interpreter would be helpful. *See* N.T., 10/15/07, at 2. Appellant informed the trial court that he could understand the English language and did not need an interpreter. *See id.* Thus, to the extent that Appellant argues that he misunderstood his counsel's advice regarding the potential sentence for third-degree murder because of counsel's failure to secure an interpreter, that argument is without merit. Hence, the PCRA court properly dismissed the petition without an evidentiary hearing.

Order affirmed.

Judge Ott joins.

Judge Strassburger files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/20/2018